BOLIN, Judge
(dissenting).
In his written reasons for judgment the trial judge stated:
“ . . . The plaintiff was a passenger on a motorcycle riding behind the driver, Mr. Lyle J. Brault. They were both engaged in looking for turtles in the ditches on each side of the road. At this point the road was dry, straight and level, it being a two-lane black-top road with ditches on each side. The plaintiff testified that Lyle J. Brault pointed to the ditch to the left and then drove the motorcycle into the left lane of the highway and reduced his speed to about 15 to 20 miles per hour and both were engaged in watching the ditch as they traveled down the highway. At this point he heard a horn blow and the driver swung back to the right side of the road where the collision resulted.
“The defendant, Kassie B. Jefferson, driving a trailer-truck headed the same *707 direction as plaintiff was traveling’, saw the motorcycle ahead proceeding on the left side of the road. At this point he sounded the horn and continued on after slowing his speed. As defendant began to go past the motorcycle, the motorcycle suddenly cut back into the right hand lane and the collision resulted before he could avoid the accident and even though he again sounded his horn.
“Considering the above facts, it is my opinion that defendant, Kassie B. Jefferson, was negligent in attempting to pass to the right of the motorcycle upon seeing the dangerous position of the motorcycle ahead and the unusual conduct of the driver and passenger. It is also my opinion that the plaintiff, Vic Alio, was actively engaged with the driver in the distracting maneuver of looking into the ditches while on the wrong side of the road, that he heard defendant’s horn but failed to warn the driver of the motorcycle of that fact. Such independent negligence on the part of plaintiff was a contributing cause of the accident. Additionally, plaintiff assumed the risk of the consequences of such conduct.

I think the weight of the evidence supports the conclusion that the truck driver was negligent. However, I disagree with the finding of the lower court that Alio, the guest on the cycle to the rear of the driver, was contributorily negligent or assumed the risk. Assumption of risk and contributory negligence are special defenses which defendants have the burden of proving. There is no evidence in the record to support these special defenses.
Alio received serious injuries in the accident and I think the judgment should be reversed and plaintiff should be awarded a substantial sum for his personal injuries.
I respectfully dissent.